IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES STAHL, JOSE A. GONZALEZ, LEO GONZALEZ, ART FULFORD, JOHN S. MILLER, CARL SHANE, HECTOR CUMBALAZA, CARLOS INCLAN, GARY CAMERON, HECTOR VASQUEZ and JERRY THOMPSON,

Plaintiffs,

vs.

CASE NO. ________________
COLLECTIVE ACTION

MASTEC, INC.,

Defendant.
_________________________________/

COMPLAINT FOR UNPAID OVERTIME WAGES
LIQUIDATED DAMAGES,
ATTORNEY'S FEES AND COSTS [29 U.S.C. §§ 206, 207, 216(b)];
AND DEMAND FOR JURY TRIAL

## I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA")(as amended), 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

## II. VENUE

2. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. NATURE OF THE CASE

3. This action is brought to recover unpaid compensation owed to Plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA, 29 U.S.C. § 201 et seq. For at least three years prior to the filing of this complaint and continuing

presently ("liability period"), Defendant had a policy and practice of consistently requiring their employees, including Plaintiffs, to work without paying them compensation and overtime compensation for work in excess of forty (40) hours per week as required by the FLSA. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation and overtime compensation, an equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

## IV. PARTIES

4. Plaintiff, **JAMES STAHL**, is a resident of Hillsborough County, Florida. He worked as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County) from on or about January 6, 2005 to on or about March 14, 2005. As a satellite service technician, Plaintiff, **JAMES STAHL**, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

5. Plaintiff, **JOSE A. GONZALEZ**, is a resident of Hillsborough County, Florida. He worked as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County) from on or about June, 2004 to on or about March 18, 2004. As a satellite service technician, Plaintiff, **JOSE A. GONZALEZ**, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

6. Plaintiff, **LEO GONZALEZ**, is a resident of Hillsborough County, Florida. Plaintiff began his employment in late February, 2005 and is employed as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County). As a satellite service technician, Plaintiff, **LEO GONZALEZ**, regularly works in excess of 40 hours

per week, but is not paid for all hours worked and receives no overtime compensation for hours worked in excess of 40 hours per week.

7. Plaintiff, **ARTHUR FULFORD**, is a resident of Pinellas County, Florida. He worked as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County) from on or about October, 2004 to May 13, 2005. As a satellite service technician, Plaintiff, **ARTHUR FULFORD**, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

8. Plaintiff, **CARLOS INCLAN**, is a resident of Hillsborough County, Florida. He began his employment on May 5, 2004 and is employed as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County). As a satellite service technician, Plaintiff, **CARLOS INCLAN**, regularly works in excess of 40 hours per week, but is not paid for all hours worked and receives no overtime compensation for hours worked in excess of 40 hours per week.

9. Plaintiff, **JOHN S. MILLER**, is a resident of Hernando County, Florida. Plaintiff began his employment on September 11, 2002 and is employed as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Orlando, Florida (Orange County). As a satellite service technician, Plaintiff, **JOHN S. MILLER**, regularly works in excess of 40 hours per week, but is not paid for all hours worked and receives no overtime compensation for hours worked in excess of 40 hour per week.

10. Plaintiff, **CARL SHANE**, is a resident of Pinellas County, Florida. Plaintiff began his employment on January 4, 2005 and is employed as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County). As a satellite service technician, Plaintiff, **CARL SHANE**, regularly works in excess of 40 hours per week, but is not

paid for all hours worked and receives no overtime compensation for hours worked in excess of 40 hours per week.

11. Plaintiff, **HECTOR CUMBALAZA**, is a resident of Hillsborough County, Florida. Plaintiff began his employment on November 2, 2004 and is employed as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County). As a satellite service technician, Plaintiff, **HECTOR CUMBALAZA**, regularly works in excess of 40 hours per week, but is not paid for all hours worked and receives no overtime compensation for hours worked in excess of 40 hours per week.

12. Plaintiff, **GARY CAMERON**, is a resident of Hernando County, Florida. He worked as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Brandon, Florida (Hillsborough County) from on or about April 6, 2004 to April 10, 2005. As a satellite service technician, Plaintiff, **GARY CAMERON**, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

13. Plaintiff, **HECTOR VASQUEZ**, is a resident of Hillsborough County, Florida. Plaintiff began his employment on November 2, 2004 and is employed as a satellite service technician for Defendant, **MASTEC, INC.** As a satellite service technician, Plaintiff, **HECTOR VASQUEZ**, regularly worked in excess of 40 hours per week, but is not paid for all hours worked and receives no overtime compensation for hours worked in excess of 40 hours per week.

14. Plaintiff, **JERRY THOMPSON**, is a resident of Hillsborough County, Florida. He worked as a satellite service technician for Defendant, **MASTEC, INC.**, in its offices in Tampa, Florida (Hillsborough County) from on or about September 1, 2004 to June 23, 2005. As a satellite service technician, Plaintiff, **JERRY THOMPSON**, regularly worked in excess of 40 hours per

week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

15. Defendant, **MASTEC, INC.**, is a corporation doing business in the State of Florida and throughout the United States and is in the business of contracting services for installation and troubleshooting of satellite television equipment, and employs or employed Plaintiffs and others similarly situated as satellite service technicians during the liability period.

## V. FACTUAL BACKGROUND

13. Defendant, **MASTEC, INC.**, operates its business throughout branches located throughout the United States. Upon information and belief, satellite service technicians may or may not be regularly scheduled and hours and shifts vary.

14. Satellite service technicians are and at all times have been, non-exempt employees within the meaning of the FLSA and implementing regulations of the U. S. Department of Labor.

15. During the liability period, Plaintiffs and similarly situated satellite service technicians were paid on an hourly basis and piecework basis. These employees are/were regularly required to work in excess of forty (40) hours, but were not paid for such work in excess of forty (40) hours per week. Further, these employees were not compensated for all time worked regardless of whether it was in excess of 40 hours per week.

16. Defendant, **MASTEC, INC.**, did not compensate satellite service technician employees for time worked and overtime work during the liability period.

17. Defendant, **MASTEC, INC.**, is and was well aware of the regular hours and overtime work hours demanded of its satellite service technician employees.

18. Defendant, **MASTEC, INC.**, has made it difficult to account with precision for the unpaid wages and overtime worked by its satellite service technician employees during the liability

period, because it did not make, keep and preserve the hours worked by such satellite service technician employees, as required for non-exempt employees by 29 U.S.C. § 211(c).

## VI. COLLECTIVE ACTION CLAIM

19. In addition to Plaintiffs, numerous satellite service technician employees of Defendant, **MASTEC, INC.**, and former satellite service technician employees are similarly situated to Plaintiffs, in that they have been denied compensation for time worked and overtime compensation while working as satellite service technicians. Plaintiffs are representative of those other satellite service technician employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. Those similarly situated satellite service technician employees are known to Defendant and are readily identifiable and locatable through Defendant's records, and they should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of compensation for time worked and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## VII. COUNT ONE

20. The allegations in paragraphs 1 – 19 are incorporated by reference herein. By its actions alleged above, Defendant, **MASTEC, INC.**, willfully, knowingly and/or recklessly violated the provisions of the FLSA, which require overtime compensation to non-exempt employees, 29 U.S.C. §§ 207 and 211(c).

21. As a result of the unlawful acts of Defendant, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and all satellite service technician employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all Defendants' employees who held the position of satellite service technician throughout the United States, during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they worked during the liability period, but were not paid compensation for time worked and for overtime as required by the FLSA;

B. To declare that Defendant, **MASTEC, INC.**, has violated the record keeping provision of the FLSA, 29 U.S.C. §211(c) as to Plaintiffs and persons similarly situated;

C. To declare that Defendant, **MASTEC, INC.**, has violated the wage payment and overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated;

D. To declare that Defendant, **MASTEC, INC.'s** violations of the FLSA were willful;

E. To award Plaintiffs and other similarly situated satellite service technician employees and former satellite service technician employees of Defendant, **MASTEC, INC.**, damages for the amount of unpaid compensation and overtime compensation subject to proof at trial;

F. To award Plaintiffs and other similarly situated satellite service technician employees and former satellite service technician employees of Defendant, **MASTEC, INC.**, liquidated damages in an amount equal to the compensation and overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in ¶¶ A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

H. To award Plaintiffs and other similarly situated satellite service technician employees and former satellite service technician employees of Defendant, **MASTEC, INC.**, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

I. To award such other and further relief as this Court may deem appropriate.

## X. DEMAND FOR JURY TRIAL

Plaintiffs and other similarly situated satellite service technician employees and former satellite service technician employees of Defendant, **MASTEC, INC.**, hereby demand trial of their claims by jury to the extent authorized by law.

Dated: July 6, 2005

Respectfully submitted,

By s/ David J. Linesch

DAVID J. LINESCH
Florida Bar No. 0376078
The Linesch Firm
700 Bee Pond Road
Palm Harbor, FL 34683
Voice: (727) 786-0000
Facsimile: (727) 786-0974
Email: laborlaw@lineschfirm.com
Attorney for Plaintiffs