UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO. 8:05-CV-01265-RAL-TGW

JAMES STAHL, JOSE A. GONZALEZ, )
LEO GONZALEZ, ART FULFORD, )
JOHN S. MILLER, CARL SHANE, )
HECTOR CUMBALAZA, CARLOS )
INCLAN, GARY CAMERON, HECTOR )
VASQUEZ and JERRY THOMPSON, )
                                                          )
        Plaintiffs, )
                                                          )
v. )
                                                          )
MASTEC, INC., )
                                                          )
        Defendant. )
_____/

**DEFENDANT'S ANSWER AND STATEMENT
OF DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Mastec, Inc.[1] ("Defendant"), by and through its undersigned counsel, hereby files this Answer and Statement of Defenses to the Complaint of Plaintiffs James Stahl, et. al., and, responding to the correspondingly numbered paragraphs of the Complaint, states as follows:

**I. JURISDICTION**

1. Defendant admits the allegation contained in paragraph 1 of Plaintiffs' Complaint.

**II. VENUE**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore, denies the same.

---

[1] Plaintiffs are actually employed by Mastec North America, Inc. d/b/a Advance Technologies ("Advance Technologies").

### III. NATURE OF THE CASE

3. To the extent that the allegations contained in paragraph 3 of Plaintiffs' Complaint require a response, Defendant denies the allegations contained in paragraph 3.

### IV. PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff James Stahl worked as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Jose A. Gonzalez worked as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Leo Gonzalez works as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 7 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Arthur Fulford worked as a

satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Carlos Inclan works as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 9 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff John Miller works as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 10 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Carl Shane works as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 11 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Hector Cumbalaza works as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Gary Cameron worked as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the first numbered paragraph 13 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Hector Vasquez works as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in the first numbered paragraph 13 of Plaintiffs' Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the first numbered paragraph 14 of Plaintiff's Complaint, and therefore, denies the same. Defendant admits only that Plaintiff Jerry Thompson worked as a satellite service technician for Advance Technologies. Defendant denies the remaining allegations contained in the first numbered paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits only that it is a corporation doing business in the State of Florida and other states. Defendant denies the remaining allegations contained in the first numbered paragraph 15 of Plaintiffs' Complaint.

## V. FACTUAL BACKGROUND

13.[2] Defendant admits only that the satellite service technicians employed by Advance Technologies work a schedule, with varying hours, based on each individual's work load and

---

[2] Plaintiffs' Complaint repeats paragraph numbers 13 through 15.

4

experience. Defendant denies the remaining allegations contained in the second numbered paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the allegations contained in the second numbered paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits only that Plaintiffs were paid on a piecework basis. Defendant denies the remaining allegations contained in the second numbered paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant admits only that it possesses information regarding the hours of work recorded daily by its satellite service technicians. Defendant denies the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

## VI. COLLECTIVE ACTION CLAIM

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

## VII. COUNT ONE

20. Defendant incorporates by reference its responses to paragraphs 1 through 19 of Plaintiffs' Complaint. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

## VIII.  PRAYER FOR RELIEF

Defendant denies all the allegations contained in Plaintiffs' Prayer for Relief, and Defendant further denies that Plaintiffs are entitled to any relief of any kind whatsoever for the claims alleged in Count One of the Complaint.

## X.[3]  DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs demand a jury trial on all claims alleged herein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and one-half their regular hourly rate for all hours worked in excess of forty in any workweek during the period of time they were employed in a non-exempt capacity.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Second Defense

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Third Defense

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written

---

[3] Plaintiffs' Complaint does not contain a Roman numeral IX.

administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Fifth Defense

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Sixth Defense

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Seventh Defense

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in

activities which were preliminary or postliminary to their principal activities. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Eighth Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Ninth Defense

To the extent that discovery reveals that Plaintiffs previously received compensation for their alleged unpaid overtime wages in connection with, or as a result of, a payment to Defendant's employees supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendant hereby invokes the doctrine of waiver to bar the claims asserted by Plaintiffs. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Tenth Defense

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiffs to falsely report their hours; and no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by the Plaintiffs. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

CASE NO: 8:05-CV-01265-RAL-TGW

### Eleventh Defense

Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Twelfth Defense

There are no employees of Defendant or its subsidiaries who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

### Thirteenth Defense

Defendant reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; (c) award Defendant costs and reasonable attorney's fees incurred in defense of this action under the FLSA; and (d) grant such other and further relief as the Court deems just and proper.

DATED this 11th day of August 2005.

Respectfully submitted,

LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: *ss/Lori A. Brown*
    Lori Brown
    Florida Bar No. 0846767

**CASE NO: 8:05-CV-01265-RAL-TGW**

>Lisa A. Schreter, Esq.
>Georgia Bar No. 629852
>Littler Mendelson, P.C.
>3348 Peachtree Road, N.E.
>Suite 1100
>Atlanta, Georgia 30326-1008
>Tel: (404) 233-0330
>Fax: (404) 233-2361
>
>*Counsel for Defendant Mastec, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.

>David J. Linesch, Esq.
>The Linesch Firm
>700 Bee Pond Road
>Palm Harbor, FL 34683
>Tel: (727) 786-0000
>Fax: (727) 786-0974
>E-mail: laborlaw@lineschfirm.com
>*Attorneys for Plaintiff*

>*ss/Lori A. Brown*
>Lori A. Brown

Firmwide:80313647.1 046446.1049