UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES STAHL, JOSE A. GONZALEZ,
LEO GONZALEZ, ART FULFORD,
JOHN S. MILLER, CARL SHANE,
HECTOR CUMBALAZA, CARLOS
INCLAN, GARY CAMERON, HECTOR
VASQUEZ AND JERRY THOMPSON,
individually and on behalf of others
similarly situated,

    Plaintiffs,

vs.                                        Case No. 8:05-CV-01265-RAL-TGW
                                                    COLLECTIVE ACTION

MASTEC, INC., and MASTEC NORTH
AMERICA, INC. d/b/a ADVANCE
TECHNOLOGIES,

    Defendants.
_____/

**JOINT MOTION FOR ORDER ON EARLY MEDIATION; TO
SCHEDULE COLLECTIVE ACTION MOTION UNDER 29 U.S.C.
§ 216(B), AND TO POSTPONE THE MEETING OF THE PARTIES
AND THE FILING OF THE PARTIES' CASE MANAGEMENT
<u>REPORT PURSUANT TO LOCAL RULE 3.05(c)(2)(B)</u>**

The parties hereby move the Court to order the parties to conduct early mediation in this matter pursuant to Chapter Nine of the Local Rules of the United States District Court for the Middle District of Florida; to approve the parties' proposed briefing schedule for the plaintiffs' motion for court-authorized notice to be filed pursuant to Fair Labor Standards Act collective action provision, 29 U.S.C. § 216(b); and to postpone the meeting of the parties and the filing of the parties' case management report pursuant to Local Rule 3.05(c)(2)(B). A proposed Order granting the parties' joint motion is attached to this motion as Exhibit 1.

**MEMORANDUM IN SUPPORT**

On July 7, 2005, eleven plaintiffs, who are or were employed by North America Mastec d/b/a as Advance Technologies ("Mastec") as satellite service technicians ("SSTs"), filed a Complaint alleging that Mastec failed to pay them minimum wage and overtime compensation for hours worked over forty during a three-year period preceding the filing of the Complaint. Dkt. 1. The SSTs seek to litigate this matter as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Mastec has answered the Complaint and has denied that the plaintiffs are owed minimum wages or overtime compensation. Dkt. 4.

Since the filing of the Complaint, counsel for the parties have conferred regarding the potential for resolution of this matter through mediation, the timing of the plaintiffs' collective action motion, and the filing of a case management report for this case. The parties have concluded that the following issues will result in an efficient and orderly process for litigating this case.

First, the parties request that the Court enter an order compelling them to conduct mediation pursuant to Chapter Nine of the Local Rules of the United States District Court for the Middle District of Florida on or before October 14, 2005. The parties request that any documents exchanged through this mediation process and designated by either party as "mediation privileged" be considered confidential documents subject to disclosure only to the parties, their experts, and their counsel and that these documents be returned to the other

party within 10 business days of the mediator declaring impasse in this case.  The parties also request that Hunter R. Hughes be appointed to mediate this case. [1]

Second, the parties request that the Court approve the following briefing schedule for the plaintiffs' motion to facilitate notice pursuant to Section 216(b) of the FLSA.  On or before October 21, 2005, plaintiffs will file their motion to facilitate notice and a memorandum in support of their motion not to exceed 20 pages.  On or before November 10, defendant will file an opposition memorandum not to exceed 30 pages in length.  On or before November 21, 2005, the plaintiffs will file a reply brief not to exceed 10 pages.  Plaintiffs reply brief will not introduce new evidence, but shall be limited to rebutting defendant's opposition brief.  This schedule is reasonable because the plaintiffs will likely move the Court to approve a nationwide notice to all SSTs employed by defendant within three years of the mailing of the notice motion. Plaintiffs' bear the burden of proof to establish that the representative and opt-in plaintiffs are similarly situated.[2]  A brief extension of twenty days instead of the usual ten days to respond to plaintiffs' notice motion is proper to allow Mastec to fully prepare their opposition to plaintiffs' notice motion.  In addition, a reply brief is proper here because unlike most motions filed in the Middle District,

---

[1] Mr. Hughes is partner of Rogers & Hardin, LLP and is based in their Atlanta, Georgia office.  He has mediated numerous employment and wage and hour disputes in the Middle District of Florida and other courts including *Shores v. Publix Super Markets, Inc.,* Case No. 8:95-CV-1162; and *Angione v. PSS World Medical, Inc.*, Case No. Case No. 3:02-CV-854-J-25TEM.  Mr. Hughes drafted Chapter 26, "Mediating Class Actions: How Mediators Operate and What They Want," *How ADR Works*, ABA Section of Labor and Employment Law, Norman Brand, BNA Books, 2002.

[2] Court-facilitated notice to the "class" regarding FLSA collective overtime litigation is warranted when plaintiffs demonstrate that there are others who may wish to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions.  *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

no discovery has occurred and plaintiffs cannot reasonably be expected to address defendant's arguments in their motion without such discovery.

Finally, the parties request that the Court order the parties to postpone the date for the parties to meet to prepare a Case Management Report and the date for filing the Case Management Report. The parties respectfully request that the Court order the parties meeting to occur: (1) within fifteen days of the deadline for filing consent to join forms established by the Court, if the plaintiffs' collective action motion is granted; or (2) within fifteen days after the Court rules on the plaintiffs' collective action motion, if the notice motion is denied. Pursuant to Local Rule 3.05(c)(2)(B), the parties' Case Management Report would be filed within 14 days after the meeting of the parties.[3]

The parties cannot prepare a meaningful Case Management Report until the Court rules on the plaintiffs' motion for court-authorized notice. If the plaintiffs' collective action motion is denied, the lawsuit will proceed on behalf of eleven named plaintiffs; however, if a collective action is conditionally certified by the Court, the case will include potentially numerous opt-in plaintiffs who receive notice of this action and timely file consent to join forms. Once the scope of the potential class, if any, is defined by the Court and the opt-in plaintiff response is determined, the parties will be able to provide the Court with a discovery and trial plan for this action that mirrors the size of the case. Any other trial plan would be of limited value as it would be based on speculation by the parties regarding the ultimate size of the case.

---

[3] If the Court denies this motion, the parties case management conference would be due to be held on or before September 12, 2005 and the Case Management Report due to be filed within 14 days after the meeting of the parties.

Dated:  September 14, 2005                                  Respectfully submitted,


/s/ Sam J. Smith                                            /s/ Lisa A. Schreter
SAM J. SMITH, Trial Counsel                                 LISA A. SCHRETER
Florida Bar Number 818593                                   Georgia Bar Number 629852
MARGUERITE M. LONGORIA                                      Littler Mendelson, PC
Florida Bar Number 998915                                   1900 Marquis One Tower
BURR & SMITH, LLP                                           3348 Peachtree Road, NE Suite 1100
442 West Kennedy Blvd., Suite 300                           Atlanta, GA 30326
Tampa, Florida  33606                                       404/233-0330
813/253-2010                                                404/233-2361 (facsimile)
813/254-8391 (facsimile)

DAVID J. LINESCH                                            LORI ANNE BROWN
Florida Bar Number 376078                                   Florida Bar Number 846767
THE LINESCH FIRM                                            Littler Mendelson, P.C.
700 Bee Pond Road                                           One Biscayne Tower, Suite 1500
Palm Harbor, Florida  34683                                 Two South Biscayne Blvd.
727/786-0000                                                Miami, FL 33131
727/786-0974 (facsimile)                                    305/400-7500
                                                            305/603-2552  (facsimile)