UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES STAHL, JOSE A. GONZALEZ,
LEONIDES GONZALEZ, ART FULFORD,
JOHN S. MILLER, CARL SHANE,
HECTOR CUMBALAZA, CARLOS
INCLAN, GARY CAMERON, HECTOR
VASQUEZ, JERRY THOMPSON, KENNETH
WILLIS, RICHARD HAMILTON, KEITH SIMPSON,
ROBERT ROWLAND, BRADLEY COLLINS,
EDDIE ARMOUR, BRANDON PARISH,
JERMAINE DAVENPORT, HOLLIS JOHNS, and JEFFREY
SATALA, individually and on behalf of others
similarly situated,

    Plaintiffs,

v.                                              Civil Case No. 8:05-CV-1265-27-TGW
                                                COLLECTIVE AND CLASS ACTION
MASTEC, INC., and MASTEC NORTH
AMERICA, INC. d/b/a ADVANCED
TECHNOLOGIES,

    Defendants.
_____/

**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND PETITION FOR ATTORNEY FEES; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES; (3) DIRECTING DISTRIBUTION TO CLASS OF NOTICE OF WAGE/HOUR CLASS AND COLLECTIVE ACTION SETTLEMENT, SETTLEMENT HEARING AND CLAIMS PROCEDURE, AND OPPORTUNITY TO OPT-OUT OF AND OBJECT TO SETTLEMENT; AND (4) SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**

This matter comes before the Court on Plaintiffs James Stahl, Jose A. Gonzalez, Leonides Gonzalez, Art Fulford, John S. Miller, Carl Shane, Hector Cumbalaza, Carlos Inclan, Gary Cameron, Hector Vasquez, Jerry Thompson, Kenneth Willis, Richard Hamilton, Keith

1

Simpson, Robert Rowland, Bradley Collins, Eddie Armour, Brandon Parrish, Jermaine Davenport, Hollis Johns and Jeffrey Satala, individually and on behalf of the classes they represent (collectively, "named plaintiffs"), consented motion regarding the above-captioned class and collective actions pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and various state wage and hour laws as asserted in Plaintiffs' First Amended Complaint.

In Plaintiffs' First Amended Complaint Plaintiffs assert claims on behalf of themselves and other current and former satellite service and repair technicians employed in MasTec's Advanced Technologies Division as apprentice technicians, technicians or lead technicians and who performed satellite system installations, repairs or service for DirecTV and its customers ("SSTs") and located in Florida, Georgia, Maryland, New Jersey, New Mexico, North Carolina, South Carolina, Texas and Virginia against MasTec, Inc. and MasTec North America, Inc. d/b/a Advanced Technologies ("MasTec" or "Defendants") for minimum wage, overtime, liquidated damages, missed meal, rest and break periods, travel time, deductions, charge backs, penalties, fines, interest, quantum meruit, unjust enrichment, failure to reimburse for business-related expenses, failure to maintain records, failure to furnish wage statements, waiting time violations, unfair competition, failure to enforce company payroll policies, and any claims that could be brought by SSTs alleging MasTec retaliated against them for complaining about their wages or for asserting wage-related claims defined in this paragraph, and any other claims of any kind related to defendants' alleged failure to pay wages to SSTs.

In Plaintiffs' First Amended Complaint Plaintiffs also assert claims on behalf of themselves and other current and former employees of MasTec's Broadband Division in

California responsible for residential consumer cable installations, repairs, or servicing ("RCTs") against MasTec for minimum wage, overtime, liquidated damages, missed meal, rest and break periods, travel time, deductions, charge backs, penalties, fines, interest, quantum meruit, unjust enrichment, failure to reimburse for business-related expenses, failure to maintain records, failure to furnish wage statements, waiting time violations, unfair competition, failure to enforce company payroll policies, and any claims that could be brought by RCTs alleging MasTec retaliated against them for complaining about their wages or for asserting wage-related claims defined in this paragraph, and any other claims of any kind related to defendants' alleged failure to pay wages to RCTs.

On October 22, 2007, following twelve months of court-approved mediation, conducted under the supervision of mediator Hunter R. Hughes, III, Esquire and extensive negotiations, the Parties entered into a Settlement Agreement. The Settlement Agreement proposes to resolve all state wage and hour claims of the SSTs who were employed from January 1, 2004 through and including September 28, 2007, and all state wage and hour claims of the RCTs referenced above who were employed by MasTec from October 10, 2001 through, and including, December 31, 2005, (collectively "STATE LAW RELEASED CLAIMS" as defined in the proposed Settlement Agreement) and all FLSA claims of the SSTs and RCTs who were employed from January 1, 2004 through and including September 28, 2007 ("FLSA RELEASED CLAIMS" as defined in the proposed Settlement Agreement).

The Plaintiffs have moved the Court to enter a Preliminary Approval Order: (1) preliminarily approving the Settlement; (2) designating the named Plaintiffs as Class

Representatives; (3) designating Plaintiffs' counsel as Class Counsel and preliminarily approving Class Counsel's request for attorneys' fees, expenses and costs; (4) provisionally certifying the proposed settlement classes; (5) directing distribution of notice of settlement and providing an opportunity to opt-out or object to Settlement; and (6) setting the hearing date for the final approval of the Settlement. After a full and fair review of Plaintiffs' motion and memorandum in support thereof; the declaration of Sam J. Smith filed in support of the motion; the proposed Settlement Agreement; and class notice and claim forms, the Court hereby Orders:

## PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

1. The Court grants preliminary approval of the proposed Settlement Agreement. The Settlement Agreement falls within the range of possible approval and was the product of non-collusive, arm's length bargaining among experienced counsel. It is proper that class members, as provisionally certified herein, be apprised of this action.

2. The Court designates Burr & Smith, LLP, The Linesch Firm, P.A., Robert S. Norell, P.A., and Goldstein, Demchak, Baller, Borgen & Dardarian, P.C. as Class Counsel. Class Counsel has extensive knowledge in litigating wage and hour collective and class actions such as this, is familiar with the complex factual and legal questions at issue in this case, and will adequately represent the Plaintiffs and proposed class members in a comprehensive and vigorous manner.

3. The Court finds, as a preliminary matter to be reconsidered at a final fairness hearing, that the Maximum Gross Settlement Amount of $12,600,000, to potentially be paid in a "claims made" procedure in addition to administration costs, appears to be a fair and reasonable

settlement of the claims asserted by named Plaintiffs on behalf of proposed class members; the petition of attorneys' fees, expenses and costs of $3,780,000 which represents 30% of the potential Maximum Gross Settlement Amount appears to be reasonable in light of the extensive time and efforts employed by Class Counsel, the results obtained, and the elevated risk of non-payment they incurred due to the complex nature of the issues litigated here; and the service payments listed on Exhibit 11 adequately compensate named and opt-in Plaintiffs for their time, effort, and risk in prosecuting these actions and for resolving their claims in this case.

## PROVISIONALLY CERTIFYING SETTLEMENT CLASSES

4. The Court provisionally certifies the following opt-out settlement classes for Settlement Purposes Only: (i) a SST State Law Class which refers to any and all persons employed by MasTec as SSTs at any time during the period from January 1, 2004 through and including September 28, 2007 in Florida, Georgia, Maryland, New Jersey, New Mexico, North Carolina, South Carolina, Texas, and Virginia excluding former SSTs participating in lawsuits which were settled, and receive Court approval, specifically the following former SSTs and their respective case numbers: Reydi Marrero, Miguel Nin Morales, Andro Monterrey, Scott Redmin, Luciano Miguel Diaz, William Watson, Fabio Vallebona v. MasTec North America, Inc., Case No. 1:07-cv-20517-JAL; Maria Barroso v. MasTec Services Co., Inc. and MasTec North America, Inc., Case No. 1:06-cv-20503-JAL; Humberto Munoz v. MasTec Services Company, Case No. 1:06-cv-21641-JAL; Christian Quinteros v. MasTec Services Company, Case No. 1:06-cv-21642-PAS; Jesus R. Santos v. MasTec Services Company, Case No. 1:06-cv-21640-PAS; and (ii) a RCT State Law Class which refers to any and all person employed by

MasTec's Broadband Division in California as a RCT responsible for residential consumer cable installations, repairs, or servicing at any time during the period from October 10, 2001 through and including December 31, 2005 (collectively, "Settlement Classes").

5. The Court finds that for Settlement Purposes Only the Settlement Classes are proper under Fed. R. Civ. Pro. 23(a) and 23(b)(3). The Settlement Classes satisfy the requirements of Fed. R. Civ. Pro. 23(a) in that joinder is impractical due to numerosity; the class members have commonality in that they share common legal and/or factual questions at issue in this case; the claims of the named representatives are typical of the claims of the proposed class members because their claims arise from the same alleged factual events and legal theories; and the named plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of the proposed class members. The Settlement Classes also satisfy the requirements of Fed. R. Civ. Pro. 23(b)(3) because common questions of law affecting proposed class members predominate over questions that may affect individual members, and class action is superior to any other available method for the fair and efficient settlement of this controversy.

6. Accordingly, the Court appoints named plaintiffs as class representatives.

7. Pursuant to Section 216(b) of the FLSA, the Court also conditionally certifies the following FLSA Class as a collective action for settlement purposes only: any and all persons employed by MasTec as a SST at any time during the period from January 1, 2004 through September 28, 2007, excluding from the FLSA Class former SSTs participating in lawsuits which were settled, and receive Court approval, specifically the following former SSTs and their respective case numbers: <u>Reydi Marrero, Miguel Nin Morales, Andro Monterrey, Scott Redmin,</u>

Luciano Miguel Diaz, William Watson, Fabio Vallebona v. MasTec North America, Inc., Case No. 1:07-cv-20517-JAL; Maria Barroso v. MasTec Services Co., Inc. and MasTec North America, Inc., Case No. 1:06-cv-20503-JAL; Humberto Munoz v. MasTec Services Company, Case No. 1:06-cv-21641-JAL; Christian Quinteros v. MasTec Services Company, Case No. 1:06-cv-21642-PAS; and any and all persons employed by MasTec's Broadband Division in California as RCTs responsible for residential consumer cable installations, repairs, or servicing at any time during the period from January 1, 2004 through and including December 31, 2005 and provisionally approves the settlement of the FLSA Class pursuant to *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir. 1982).

## DIRECTING DISTRIBUTION OF CLASS NOTICE AND CLAIM FORMS

8. The Court approves the form, content, and distribution of the proposed Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing and Claims Procedure ("Class Notice"), Claim Forms and W-9 Forms. The proposed Class Notice clearly and accurately describes the nature of the action, the definition of the classes certified, and the class claims and defenses. The Class Notice provides class members with an opportunity to opt-out of the Settlement Agreement or object to it. Pursuant to Section 216(b) of the FLSA, the Class Notice also informs potential class members that they must file a Claim Form containing a consent to join the case and a W-9 Form in order to join in the FLSA settlement.

9. The Court appoints Settlement Services, Inc. as Settlement Administrator.

10.  The Court directs the distribution of the proposed Class Notice and Claim Form by mail to Plaintiffs and members of the SST State Law Class, RCT State Law Class, and FLSA Class by adopting the following schedule:

| | |
|---|---|
| 11 days after Preliminary Approval: | Mailing of Class Notice. |
| 60 days after date of first mailing of Class Notice: | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 60 days after date of first mailing of Class Notice: | Last day for Class Members to qualify as an Authorized Claimant by filing claim forms and W-9 Forms to join FLSA settlement. |
| 100 days after date of first mailing of Class Notice: | Last day for filing and service of papers in support of final Settlement approval. |
| Approximately 120 days after the Court grants preliminary approval of the proposed Settlement: | Final Settlement approval hearing. |
| Within 60 days of the Final Effective Date (as defined in the Settlement Agreement): | Class members who qualify as Authorized Claimants shall receive their total settlement payments, less applicable taxes and deductions, except Authorized Claimants eligible to receive a service payment of $1,500 or more shall receive 50% of the total settlement payments with a check for remaining balance issued 180 days after the first payment. |

## SETTING DATE OF FINAL FAIRNESS HEARING

12. Finally, the Court grants Plaintiffs' request to set a date for the final approval hearing that is approximately 110 days after the Court grants preliminary approval of the proposed Settlement. The final hearing date is set for the **8th day of April 2008 at 3:00 P.M.** in this Court at which time putative class members who have submitted written objections may enter an appearance in person or by and through counsel to present such objections.

**DONE AND ORDERED**, this 10th day of December, 2007.

_____
THE HONORABLE JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE