UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES STAHL, JOSE A. GONZALEZ,
LEONIDES GONZALEZ, ART FULFORD,
JOHN S. MILLER, CARL SHANE,
HECTOR CUMBALAZA, CARLOS
INCLAN, GARY CAMERON, HECTOR
VASQUEZ, JERRY THOMPSON, KENNETH
WILLIS, RICHARD HAMILTON, KEITH SIMPSON,
ROBERT ROWLAND, BRADLEY COLLINS,
EDDIE ARMOUR, BRANDON PARISH,
JERMAINE DAVENPORT, HOLLIS JOHNS,
and JEFFREY SATALA, individually and on
behalf of others similarly situated,

    Plaintiffs,

v.                                               Civil Case No. 8:05-CV-01265-JDW-TGW
                                             COLLECTIVE AND CLASS ACTION

MASTEC, INC., and MASTEC NORTH
AMERICA, INC. d/b/a ADVANCE
TECHNOLOGIES,

    Defendants.
_____/

## FINAL APPROVAL ORDER

This matter comes before the Court on the motion of Plaintiffs, by Class Counsel Burr & Smith, LLP; The Linesch Firm, P.A.; Robert S. Norell, P.A.; Goldstein, Demchak, Baller, Borgen & Dardarian, P.C. ("Class Counsel"); and by Defendants MASTEC Inc. and MASTEC North America, Inc. ("MASTEC") and by their counsel Littler Mendelson, P.C. for an order and judgment finally approving the Settlement Agreement, Dkt. 127, and dismissing with prejudice all claims and actions in this case (the "LITIGATION"). After holding a fairness hearing on April 8, 2008 and after reviewing the Settlement Agreement and other related materials submitted by the parties, including the plaintiffs' consented motion for preliminary approval, the

Parties' Stipulation and Settlement Agreement, the Plaintiffs' Motion for Final Approval and the Declaration of Sam J. Smith, filed in support thereof, and otherwise being fully informed in the premises, the Court hereby enters the following Final Order and Judgment:

1. This Court has jurisdiction over the subject matter of these actions and over all parties to these actions pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including all members of the Settlement Classes, preliminarily certified for settlement purposes only, by Order dated December 11, 2007, Dkt. 135 ("Preliminary Approval Order"), and as defined as:

    (1) SST STATE LAW CLASS - refers to any and all persons employed in MASTEC Advanced Technologies Division as apprentice technicians, technicians or lead technicians and who performed satellite system installations, repairs or service for DirecTV and its customers (SSTs) located in Florida, Georgia, Maryland, New Jersey, New Mexico, North Carolina, South Carolina, Texas and Virginia, at any time during the period from January 1, 2004 through and including September 28, 2007 Excluded from the SST STATE LAW CLASS are former SSTs participating in lawsuits which were settled, and receive Court approval. The former SSTs excluded from the SST STATE LAW CLASS and their respective case numbers are: <u>Reydi Marrero, Miguel Nin Morales, Andro Monterrey, Scott Redmin, Luciano Miguel Diaz, William Watson, Fabio Vallebona v. MasTec North America, Inc.</u>, Case No. 1:07-cv-20517-JAL; <u>Maria Barroso v. MasTec Services Co., Inc. and MasTec North America, Inc.</u>, Case No. 1:06-cv-20503-JAL; <u>Humberto Munoz v.</u>

MasTec Services Company, Case No. 1:06-cv-21641-JAL; <u>Christian Quinteros v. MasTec Services Company</u>, Case No. 1:06-cv-21642-PAS; <u>Jesus R. Santos v. MasTec Services Company</u>, Case No. 1:06-cv-21640-PAS.

(2) RCT STATE LAW CLASS - refers to any and all persons who were employed by MASTEC'S Broadband Division in California as RCTs responsible for residential consumer cable installations, repairs, and servicing at any time from October 10, 2001 through and including December 31, 2005.

(3) FLSA CLASS refers to: (a) any and all persons who were employed by MASTEC as SSTs at any time during the period from January 1, 2004 through and including September 28, 2007; and (b) any and all persons who were employed by MASTEC'S Broadband Division in California as RCTs responsible for residential consumer cable installations, repairs, or servicing at any time during the period from January 1, 2004 through and including December 31, 2005. Excluded from the FLSA CLASS are former SSTs participating in lawsuits which were settled, and receive Court approval. The former SSTs excluded from the FLSA CLASS and their respective case numbers are: <u>Reydi Marrero, Miguel Nin Morales, Andro Monterrey, Scott Redmin, Luciano Miguel Diaz, William Watson, Fabio Vallebona v. MasTec North America, Inc.</u>, Case No. 1:07-cv-20517-JAL; <u>Maria Barroso v. MasTec Services Co., Inc. and MasTec North America, Inc.</u>, Case No. 1:06-cv-20503-JAL; <u>Humberto Munoz v.</u>

3

MasTec Services Company, Case No. 1:06-cv-21641-JAL; Christian Quinteros v. MasTec Services Company, Case No. 1:06-cv-21642-PAS; Jesus R. Santos v. MasTec Services Company, Case No. 1:06-cv-21640-PAS.

2. The Court finds that the SST STATE LAW CLASS and RCT STATE LAW CLASS, as defined above, satisfy the requirements of Fed. R. Civ. P. Rule 23(a) and are maintainable under Rule 23(b)(3) and that FLSA Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b) (Collectively "Settlement Classes"). The Court finally certifies the Settlement Classes for purposes of settlement of this action only.

3. The Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing and Claims Procedure (Class Notice) given to the members of the Settlement Classes adequately informed the class members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the members of the Settlement Classes of a toll-free number for the Settlement Claims Administrator and a website at which they could access additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4. Based on the findings made at the fairness hearing, the objections filed by Francisco Noda, Timothy Locklear, Noel Rodriquez, and Larry Morrison are denied. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to all members of the Settlement Classes. The Court finds that

extensive investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral. There is no evidence of fraud or collusion for all the reasons discussed at the fairness hearing. All of the undersigned's findings regarding the fairness of the Settlement at the fairness hearing are hereby incorporated by reference. Accordingly, after consideration of all of the factors announced in *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984), this Court approves the Settlement under Fed. R. Civ. P. 23. The Court further approves the Settlement under Section 216(b) of the FLSA pursuant to *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir. 1982).

5. In accordance with the Settlement Agreement, MasTec shall provide funds to the Settlement Claims Administrator so that the SETTLEMENT PAYMENTS for AUTHORIZED CLAIMANTS are mailed within sixty (60) days of the "FINAL EFFECTIVE DATE" as defined in the Settlement Agreement. Settlement Payments to AUTHORIZED CLAIMANTS identified in Paragraph III.B.1.f. who are eligible to receive a service payment of $1,500 or more, shall be divided into two payments. The first payment representing fifty percent (50%) of the Settlement Class Member's total Settlement Payment, less applicable taxes and deductions shall be made within sixty (60) days of the FINAL EFFECTIVE DATE. The remaining payment representing the balance of the AUTHORIZED CLAIMANT'S SETTLEMENT PAYMENT shall be issued 180 days after the first payment is issued.

6. Based on the findings made at the fairness hearing, Class Counsel shall be awarded a percentage of the Maximum Gross Settlement Fund ($12,600,000) as a reasonable amount for attorneys' fees, expenses, and costs not to exceed thirty percent of the Maximum Gross Settlement Amount ($3,780,000) for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this litigation, such award to be paid from the potential Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement. The Court retains jurisdiction to decide Defendants' Motion For Contempt, Or In The Alternative, Sanctions For Plaintiffs' Counsel's and Class Administrator's Surreptitious Issuance of Improper Class Notice (Dkt. 137) and to determine the reasonable attorneys' fees, expenses, and costs of Class Counsel. A non-evidentiary hearing is set for the 13th day of May, 2008 at 10:30 AM to resolve these remaining issues.

7. Service payments, as set forth on Exhibit 11 to the Settlement Agreement, are approved for the Plaintiffs who performed substantial services for the benefit of the Settlement Classes. Such awards are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

8. The Court finds and determines that the payments to be made to the members of the Settlement Classes, as provided in the Settlement Agreement are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Classes who submitted valid timely Claim Forms and W-9 Forms in accordance with the Settlement Agreement.

9. As identified by the Settlement Claims Administrator's Interim Report filed on March 26, 2008, Dkt. 138, Exh. 3, the Court finds that the following individuals have timely

opted out of the Settlement Agreement: Jouvani Alicea, Antonio Caballero, Wayne E. Charles, Marco Chavez, William D. Slack, and Le Roy Smith. These individuals are excluded from the classes certified herein and are not bound by the terms of the Settlement Agreement.

10. The parties dispute whether three individuals, Marlin Binet, Federico Hoy, and Francisco Noda, should be permitted to exclude themselves from the classes certified herein and the Settlement. The parties agree that: (1) Marlon Binet on February 7, 2008 filed a complete Claim, Waiver, Release and Consent to Join Form and W-9 Form with the Administrator and on February 22, 2008 filed a request to opt out of this case; (2) Federico D. Hoy on January 18, 2008 filed a complete Claim, Waiver, Release and Consent to Join Form and W-9 Form with the Administrator and on February 22, 2008 filed a request to opt out of this case; and (3) Francisco Noda on January 7, 2008 filed a an incomplete Claim, Waiver, Release and Consent to Join Form and W-9 Form with the Administrator and on February 21, 2008 filed a request to opt out of this case. Based on the findings made at the fairness hearing, Marlon Binet, Federico D. Hoy and Francisco Noda validly excluded themselves from the Settlement Agreement. Based on the findings made at the fairness hearing, Mr. Binet, Mr. Hoy, and Mr. Noda are excluded from the classes certified herein and are not bound by the terms of the Settlement Agreement.

11. Based on the findings made at the fairness hearing, class member Timothy Locklear shall be considered an AUTHORIZED CLAIMANT under the Settlement Agreement.

12. Based on the representations of the parties at the fairness hearing, 3,628 class members have timely filed claim forms are found to be AUTHORIZED CLAIMANTS. In addition, twenty-four additional class members have filed claim forms or W-9 forms that contain a defect for which the settlement administrator has sent a cure letter. To the extent that the Settlement Administrator finds that these individuals have cured the deficiencies, these

individuals shall also be found to AUTHORIZED CLAIMANTS. There shall be no waiver of any FLSA claims pursuant to this settlement except for those individuals who are found to be AUTHORIZED CLAIMANTS.

13. Based on the findings made at the fairness hearing, class member Larry Morrison failed to timely file a valid claim form or exclude himself from this case. In addition, Mr. Morrison failed to timely respond to a request from the Settlement Administrator to clarify whether his intent was to file a claim form or to opt out of the settlement. Accordingly, Mr. Morrison shall be bound by settlement terms, but shall not be considered an AUTHORIZED CLAIMANT under the Settlement Agreement. The settlement shall not act as a bar to Mr. Morrison pursuing any FLSA claim that he may have.

14. Based on the findings made at the fairness hearing, class member Noel Rodriquez failed to timely file a valid claim form or exclude himself from this case. In addition, Mr. Rodriquez failed to timely respond to a request from the Settlement Administrator to clarify whether his intent was to file a claim form or to opt out of the settlement. Accordingly, Mr. Rodriquez shall be bound by settlement terms but shall not be considered an AUTHORIZED CLAIMANT under the Settlement Agreement. The settlement shall not act as a bar to Mr. Rodriquez pursuing any FLSA claim that he may have.

15. On March 31, 2008, class member Jason Bowers filed a *pro se* motion seeking to have his untimely claim form approved by the Court. Based on the finding made at the fairness hearing, class member Jason Bowers' motion (Dkt. 139) is denied and his untimely filed claim is found to be invalid. Mr. Bowers shall be bound by settlement terms but shall not be considered an AUTHORIZED CLAIMANT under the Settlement Agreement. In addition, the claim forms received from potential claimants by the Settlement Administrator after February 22, 2008 that

have not been identified by the parties as AUTHORIZED CLAIMANTS shall be invalid and these individuals shall not be AUTHORIZED CLAIMANTS, but shall be bound the settlement terms.

16. This Court hereby dismisses all claims released in the Settlement Agreement of the Parties on the merits and with prejudice ("STATE LAW RELEASED CLAIMS" and "FLSA RELEASED CLAIMS" as defined in the Settlement Agreement) and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

17. The Court further orders that any potential member of the SST STATE LAW CLASS or RCT STATE LAW CLASS who did not timely opt out of this case ("STATE LAW SETTLEMENT CLASS MEMBER") and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively, the "STATE LAW RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whosever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against MASTEC, and their past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by MASTEC, divisions, units, branches and any other persons or entities acting on their behalf ("RELEASED PERSONS") from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the STATE LAW RELEASING PERSONS has, had, might have or might have had against any of

the RELEASED PERSONS based on any act or omission that occurred at any time through and including September 28, 2007, in any way related to any of the facts or claims alleged in the LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted. Any STATE LAW RELEASING PERSON who did not timely opt into this case is not barred by this Order from pursing FLSA claims against MASTEC. Claims that are barred for all STATE LAW RELEASING PERSONS also include any claims that could be brought by SSTs or RCTs alleging that MASTEC retaliated against them for complaining about their wages or for asserting wage-related claims, any wage-and-hour laws or other laws, and any other claims of any kind related to MASTEC'S alleged failure to pay wages to SSTs and/or RCTs through September 28, 2007, including but not limited to: STATE LAW RELEASED CLAIMS as defined in the Settlement Agreement, minimum wage, overtime, liquidated damages, missed meal, rest and break periods, travel time, deductions, charge backs, penalties, fines, interest, *quantum meruit*, unjust enrichment, failure to reimburse for business-related expenses, failure to maintain records, failure to furnish wage statements, failure to enforce company payroll policies, and any claims that could be brought by SSTs and/or RCTs alleging MasTec retaliated against them for complaining about their wages or for asserting wage-related claims defined in this paragraph, and any other claims of any kind related to defendants' alleged failure to pay wages to SSTs and/or RCTs.

18. All persons who are members of the FLSA CLASS who timely opted into this case by timely filing a Claim Form and W-9 Form ("FLSA Settlement Class Member") and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively the "FLSA RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting,

commencing or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whosever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against MASTEC, and their past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by MASTEC, divisions, units, branches and any other persons or entities acting on their behalf ("RELEASED PERSONS") from any and all claims pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., of any kind, that any of the FLSA RELEASING PERSONS has, had, might have or might have had against any of the RELEASED PERSONS based on any act or omission that occurred at any time through and including September 28, 2007, in any way related to any of the facts or claims alleged in this LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted. The claims barred include the FLSA RELEASED CLAIMS as defined in the Settlement Agreement, any FLSA retaliation claims that could be brought by SSTs, RCTs or FLSA RELEASING PERSONS against MASTEC and any RELEASED PERSONS based on any act or omission that occurred at any time through and including September 28, 2007.

19. The Court further orders that the Settlement Claims Administrator will send notice of the Final Approval Order to the Final Settlement Class Members at the same time the Settlement Claims Administrator mails the settlement payments.

Dated: *April 23rd*, 2008

                                       THE HONORABLE JAMES D. WHITTEMORE
                                       UNITED STATES DISTRICT JUDGE