UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES STAHL; *et al.*,

                    Plaintiffs,

vs.                                                      Case No. 8:05-CV-1265-T-27TGW
                                                         COLLECTIVE AND CLASS ACTION

MASTEC, INC.; *et al.*,

                    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Petition for Attorneys Fees (Dkt. 126).[1] A hearing

was conducted on Plaintiffs' petition on May 13, 2008. Upon consideration of the petition,

supporting affidavit, and oral argument, Plaintiff's Petition is **GRANTED**.

Class counsel seek an award of attorneys' fees, expenses and costs equal to 28.8% of the

Gross Settlement Amount, $13,137,365.00. An award of attorneys' fees is governed by the common

fund doctrine. Attorneys who create a common fund are entitled to be compensated for their efforts

from a reasonable percentage of that fund. *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d

768 (11th Cir. 1991) ("attorneys' fees awarded from a common fund shall be based upon a

reasonable percentage of the fund established for the benefit of the class. . . . The majority of

common fund fee awards fall between 20% to 30% of the fund . . .").

The following factors are considered in determining the appropriate percentage of the

common fund to be awarded as fees: (1) the time and labor required; (2) the novelty and difficulty

of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the

---

[1] MasTec does not oppose Plaintiffs' request. (Dkt. 126, p. 13).

preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* Notably, the Supreme Court and the Eleventh Circuit have held that it is appropriate that the attorneys' fees be awarded on the entire Maximum Gross Settlement Amount even though amounts to be paid to settlement class members who do not file a claim form will remain the sole and exclusive property of the defendant. *See Boeing Co. v. Van Gemert, et al.*, 444 U.S. 472, 480-81 (1980); *Waters v. International Precious Metals Corp.*, 190 F.3d 1291, 1296-97 (11th Cir. 1999).

The percentage requested from the Maximum Gross Settlement Amount is reasonable, considering the results obtained, the nature of the case, and Plaintiffs' counsels' significant work on the case and experience in class actions under the FLSA. (Smith Decl., ¶¶ 6, 7, 10-26). It was necessary for Plaintiffs' counsel to locate and interview potential representative plaintiffs in eleven states, conduct extensive research regarding the laws of those states, and persuade MasTec that the state law class claims were potentially meritorious despite its defenses. (Smith Decl., ¶ 26). Prevailing in this case was by no means certain, given the substantial defenses raised, including Defendants' defense that the MCA precludes overtime claims under the FLSA and certain state laws prior to August 10, 2005. (Smith Decl., ¶¶ 11, 20, 23, 24). Defendants are represented by experienced and sophisticated counsel who zealously defended this case. Notwithstanding the vigorous defense and zealous advocacy by Defendants' counsel, Plaintiffs' counsel obtained a significant settlement on behalf of the class.

-2-

This case settled after more than two years of discovery, mediation, and several settlement conferences. (Smith Decl., ¶ 26). Numerous expert witnesses were hired by both sides and a substantial amount of time and effort were invested in modeling the potential damages in the case. (Smith Decl., ¶¶ 10-17). The gross settlement in this case is $13,137,365.00. The expenses incurred by class counsel total $120,635.00. Counsel seek $3,659,365.00 in fees, or 27.9% of the settlement. Combined, fees and expenses total 28.8% of the settlement. This percentage is within the range found to be reasonable in class actions and is likewise reasonable in this case. *See Camden I*, 946 F.2d at 774 (attorney's fees in the 20 to 30 percent range are appropriate); *see also Diaz v. Hillsborough County Hosp. Authority*, 2000 WL 1682918 at * 20-21 (M.D. Fla. 2000) (thirty percent of common fund approved in statutory fee shifting case). The fee award is reduced by $35,500.00, the sanction imposed pursuant to Defendants' Motion to Enforce Settlement and for Contempt, or in the Alternative, Sanctions for Plaintiffs' Counsel's and Class Administrator's Surreptitious Issuance of Improper Class Notice (Dkt. 137).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Petition for Attorneys Fees (Dkt. 126) is **GRANTED**. Class counsel are awarded fees and costs totaling $3,744,500.00, which is to be paid by Defendants on or before July 25, 2008.

**DONE AND ORDERED** in chambers this _20th_ day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record