UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES STAHL; *et al.*,

                    **Plaintiffs,**

vs.                                                    Case No. 8:05-CV-1265-T-27TGW
                                                       **COLLECTIVE AND CLASS ACTION**

MASTEC, INC.; *et al.*,

                    **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Enforce Settlement and for Contempt,

or in the Alternative, Sanctions for Plaintiffs' Counsel's and Class Administrator's Surreptitious

Issuance of Improper Class Notice (Dkt. 137), Plaintiffs' Opposition (Dkt. 145), and Settlement

Administrator's Opposition (Dkt. 143). Defendants seek sanctions against Plaintiffs' counsel and

the Settlement Administrator for issuing a "second mailing" to all class members eligible to opt-in

the settlement in this case. Defendants also seek an award of fees and costs totaling $51,944.46,

which includes $30,699.16 for mailing costs and $21,245.30 for attorneys' fees.

   Defendants contend that Plaintiffs' counsel and the Administrator have breached the

Settlement Agreement and thereby violated this Court's order granting preliminary approval of the

Settlement Agreement.   In relevant part, the Settlement Agreement provides:

> All claim forms and W-9 forms must be received by the Settlement Claims
> Administrator on or before sixty (60 ) days after the date the Notice was first mailed
> to members of the Settlement Classes. **The Settlement Claims Administrator shall
> mail additional forms to members of the settlement classes before the filing
> deadline if requested to do so by Class Counsel.**

(Dkt. 127, p. 45, Sec. VIII.B.6) (emphasis added).

-1-

According to Defendants, Plaintiffs' counsel "surreptitiously" requested that the Settlement Administrator issue a "second mailing" to all class members eligible to opt-in to the settlement, "in direct contravention of the Settlement Agreement between the parties and this Court's Order." (Dkt. 137, p. 2). It is undisputed that the Administrator, at the cost of $30,699.16, issued a "second mailing" to 10,470 "non-responder" class members, as was requested by Plaintiffs' counsel. The mailing included both "Claim Forms" and "Class Notice" forms and on the outside of the envelope, the notation, in red ink: "Claim Filing Deadline: February 22, 2008." (Court's Exhibit 1). Defendants contend that the mailing was an "unequivocal violation of the Agreement and Order" and that it "significantly increased the number of plaintiffs who chose to opt-in to this settlement and substantially increased the cost of the settlement to MasTec (while simultaneously increasing the likelihood Plaintiffs' Counsel will be awarded substantial fees and assuring that the Administrator would receive additional payment for increased work)." (Dkt. 137, pp. 2-3).

According to Defendants, "this Court can infer that Plaintiffs' Counsel and the Administrator colluded to transmit an improper, second mailing . . ." (Dkt. 137, p. 7). However, Defendants have proffered no evidentiary support for that contention. Defendants' use of the words "colluded," "surreptitious," "unilaterally," "secretly," "deliberate," and their implication that the actions of Plaintiffs' counsel and the Administrator were collusive is nothing short of mean spirited and unprofessional. Nothing in this record suggests that the "second mailing" was anything other than a misguided act on the part of Plaintiffs' counsel, who should have known better than to take that action without seeking leave of court.

Defendants are, however, understandably concerned that the "second mailing" exposed them to a substantially greater financial burden under the settlement than they would have otherwise been

exposed to by a single mailing of the Notice and Claim Forms.  Defendants are correct that the

Settlement Agreement did not authorize the "second mailing" in the manner in which it was carried

out.  Defendants concede, however, that without taking depositions of every class member who

received the second mailing, they can only speculate that the second mailing substantially increased

the cost of the settlement.[1]

**The Administrator**

Defendants' motion for sanctions and or damages for breach as to the Administrator is

DENIED.  There is no evidence of wrongdoing or improper conduct on the part of the Administrator.

In accordance with the mandatory language in the Settlement Agreement, the Administrator was

required to comply with class counsels' request that a second mailing be issued.  (Dkt. 127, p. 45,

¶ VIII.B. 6).  Moreover, the Administrator had an understandable belief, based on experience, that

"follow up efforts," including re-mailing of notice materials, telephone calls, and reminder letters

to non-responding class members were necessary because of the number of notice packets returned

as undeliverable and the unreliability of first class mail.   Mark Patton, the Administrator Projects

Coordinator, averred that in order to avoid confusion on the part of recipient class members, class

notice is always included when mailing claim forms.  (Dkt. 143-2, Patton Aff., ¶¶ 14-15, 17-18).

Significantly, the Administrator points out that Defendants' counsel was not only aware that

the notice was included in mailings to class members who reported not having received a notice, but

that the parties had agreed on specific questions and answers if a class member reported not having

---

[1] Defendants' request for leave to conduct discovery in this regard is DENIED.  It would be unmanageable and expensive to conduct depositions of even a fraction of the 10,000 or more recipients of the mailing. This Court has available to it remedies which will not prolong this dispute and would be more cost effective.

received a notice, and that "[t]he agreed procedure was for our office to mail any such class member another 'Notice.'" (Dkt. 143-2, Patton Aff., ¶ 19). Under the circumstances, the Administrator cannot be faulted for complying with the request of class counsel to issue a second mailing.

## Contempt

To the extent Defendants seek an order of contempt, they have not followed the preferred procedure of seeking a show cause order. *See Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). Notwithstanding, construing Defendants' motion as a motion for show cause order, it is DENIED. Contemptuous conduct must be shown by clear and convincing evidence to have been a "willful disregard" of the Court's authority based on a violation of a "clear and unambiguous" order. *See eg. Georgia Power Co., v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007). Class counsels' conduct was not willful. Moreover, the clause in the Settlement Agreement relied on by Plaintiffs' counsel to justify the second mailing is ambiguous and therefore cannot provide a basis for a contempt citation. (Dkt. 127, p. 45, ¶ VIII.B. 6).

The parties disagree over whether the phrase "additional forms" is restricted to "Claim Forms," as Defendants contend, or includes "Notice Forms" and "Claim Forms," as Plaintiffs' counsel contend. The Settlement Agreement defines "CLAIM FORMS" and "CLASS NOTICE," but does not define "forms." The phrase "additional forms" is susceptible to two inconsistent meanings. It is therefore ambiguous and cannot support a finding of contempt.

## Sanctions

The Court's preliminary approval of the Settlement Agreement vested it with the authority to enforce its terms through sanctions. *See American Disability Association v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002); *Kleiner v. First National Bank*, 751 F.2d 1193, 1209 (11th Cir. 1985) ("A

trial judge possesses the inherent power to discipline counsel for misconduct, short of behavior giving rise to disbarment or criminal censure, without resort to the powers of civil or criminal contempt."). "The authority of a court over officers of its bar is at least as great as its power over litigants." *Id.* Sanctions may include an assessment of attorneys' fees and costs. *Id.*

Here, Defendants justifiably challenge the authority of class counsel to direct the Administrator to issue a second mass mailing to 10,470 class members who either did not respond to the initial mailing or who had not opted out of the case. Defendants likewise take issue with the inclusion of the Class Notice in the mailing, and the use of red lettering on the envelope to highlight the claim filing deadline. Defendants' contention that the Settlement Agreement contemplated a single mailing to all class members and did not authorize a second mass mailing is accurate. The Settlement Agreement did not authorize class counsel to instruct the Administrator to issue a second mass mailing to all 10,470 non-responders.

As evidenced by the Administrator's affidavit, the parties contemplated that there would be class members who would request a second notice packet or who, because of a change in address or other reasons, did not receive the initial packet. Defendants do not contend that a second mailing to those class members would have been inappropriate. Rather, it is the mass mailing to all non-responders to which Defendants object. One of Defendants' legitimate concerns is that the second mailing effectively served as a reminder to the non-responding class members of the filing deadline, thereby increasing the number of class members who opted in, and in turn, increasing the ultimate settlement cost to Defendants. Defendants' objections to the mass nature of the second mailing and the use of red lettering on the envelope to highlight the filing deadline are therefore well taken. Drawing attention to the filing deadline by red lettering, as opposed to drawing attention to the nature

of the mailing by using bold print on the envelope, is likewise problematic.[2]

Simply put, the second mass mailing to the non-responders was not authorized by the Settlement Agreement or this Court's Order approving the Settlement Agreement. Class counsel's explanation that they believed they had the right to direct the second mailing is unpersuasive. Counsel were not authorized to take unilateral action based on an overly broad interpretation of the relevant language in the Settlement Agreement. Had counsel simply sought leave of court to issue the second mailing, Defendant would have had the opportunity to weigh in on the necessity of the mailing, the inclusion of the notation on the envelope highlighting the filing deadline, and the contents of the mailing.

Although class counsel lacked the authority to direct the Administrator to issue the second mailing, counsel's conduct was not egregious. There was nothing mis-representative, suggestive, or coercive in the content of the mailing. Notwithstanding, Defendants had the right to expect class counsel to conduct themselves in a manner contemplated by the Settlement Agreement. Sanctions are therefore appropriate, in a monetary amount commensurate with the nature of the conduct and harm occasioned to Defendants.

The cost of the second mailing was $30,699.16, a cost ultimately to be paid by Defendants pursuant to the Settlement Agreement. Defendants incurred attorneys' fees in bringing the instant motion. The Court finds that a sanction of $35,500.00 is appropriate. That sum reflects a consideration of the fees and expenses Defendants have incurred in bringing this motion and the expense of the mailing which Defendants will ultimately pay. The sanction will be deducted from

---

[2] This Circuit has noted that it could be appropriate to include a "bold-type notice" on envelopes in which class notices are mailed. *See Kleiner*, 751 F.2d at 1203, n.20.

the attorneys' fees awarded to class counsel.

Accordingly, it is **ORDERED:**

1.    Defendants' motion for contempt against the Administrator and Plaintiffs' Counsel is DENIED.

2.    Defendants' motion for sanctions against the Administrator is DENIED.  Jurisdiction is reserved to consider and award fees and expenses to the Administrator, upon proper showing of entitlement. *See* Local Rule 4.18(a).

3.    Defendants' motion for sanctions against Plaintiffs' Counsel is GRANTED in part, consistent with this Order.

**DONE AND ORDERED** in chambers this 20th day of May, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record